# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **CLARENDON AMERICA INS. CO.** | **CIVIL NO. 04-1923** |
| **VERSUS** | **JUDGE JAMES** |
| **FAULK & FOSTER REAL ESTATE SERVICES, ET AL** | **MAGISTRATE JUDGE HAYES** |

## RULING ON MOTION TO DISMISS OR TO STAY

Before the court is a Motion to Dismiss Without Prejudice or, in the alternative, to stay these proceedings, filed by Defendants US Unwired, Inc., Louisiana Unwired, L.L.C. and Lexington Insurance Company [Doc. No. 53]. For reasons stated below, the Motion to Dismiss is GRANTED.

## Introduction

This action seeks a declaration from this court that a Commercial General Liability policy issued by Clarendon to Faulk & Foster does not provide coverage for liability which might be imposed on Faulk & Foster in an underlying suit pending in state court.

The underlying suit arises from an automobile accident which occurred on May 7, 2003. Suit was filed on behalf of William Jason Storm, individually and as curator of his wife, Heather Tyler Storm, and as representative of their minor son, Trenton Storm, in the Fourth Judicial District Court, Ouachita Parish, Louisiana, bearing civil docket number 04-1923. In the third supplemental and amending petition, filed on June 13, 2003, Faulk & Foster was added as a party defendant, based on allegations that it was negligent in its handling of site acquisition and construction coordination services it contracted to provide in connection with the construction of the Kiroli cell tower. This action was filed in federal court on September 17, 2004. On December 13, 2004, in the fourth supplemental and amending petition, Clarendon was added as a

defendant in the state court action. Clarendon has also been named as the defendant in an incidental demand in the state court action filed by its insured, Faulk & Foster.

The motion to dismiss is grounded on the principle of abstention. After review of the relevant case law as applied to the facts of this case, this Court declines to exercise jurisdiction over the declaratory judgment action.

## Law and Analysis

In ruling on a motion to dismiss on the grounds of abstention, the Court is guided by the United States Supreme Court's decision in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137 (1995). The *Wilton* case involved a declaratory judgment action filed in federal court when there was a parallel state court action pending. In *Wilton,* the Court ruled as follows:

> [W]e conclude that *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), governs this declaratory judgment action and that district courts' decisions about the propriety of hearing declaratory judgment actions, which are necessarily bound up with their decisions about the propriety of granting declaratory relief, should be reviewed for abuse of discretion. We do not attempt at this time to delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings. Like the Court of Appeals, we conclude only that the District Court acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court.

*Id.* at 289-290, 2144.

In so ruling, the Supreme Court stated as follows:

We agree, for all practical purposes, with Professor Borchard, who observed half a century ago that "[t]here is . . . nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court" to hear a declaratory judgment action. Borchard, Declaratory Judgments, at 313. By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all

2

arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Id.* at 288, 2143.

The Fifth Circuit, which was affirmed in the *Wilton* case, had previously set out six non-exclusive factors that the court must consider in deciding whether to abstain in a declaratory judgment situation:

> The relevant factors which the district court must consider include, but are not limited to, 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, *Rowan Co., Inc.*, 876 F.2d at 29, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir.1983), 3) whether the plaintiff engaged in forum shopping in bringing the suit, *Rowan Cos., Inc.*, 876 F.2d at 29, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, *id.*, 5) whether the federal court is a convenient forum for the parties and witnesses, *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir.1983), and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, *see Mission Ins. Co.*, 706 F.2d at 602.

*Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993).

In this case, there is a pending state action in which all of the matters in controversy may be fully litigated; the Plaintiff in this action filed suit in this court after its insured had been named in the state court action, making it likely that this action was filed in anticipation of a lawsuit filed by the Defendant; there is no direct evidence of forum shopping, but the likelihood of same certainly exists given the timing of this suit; there is a possibility that the state court ruling on the coverage issue could be inconsistent with that of this court, leaving the insured without coverage depending on whether the finding is that its actions fall under the heading of general negligence or professional liability; the state and federal forums are equally convenient, making this factor a neutral one; and the case is set for trial in state court in October of 2005, minimizing any delay to Clarendon caused by the abstention of this court.

3

Under the circumstances, and particularly considering the possibility of inconsistent rulings on the coverage issues in each court, this Court declines to exercise its jurisdiction in this case. In addition, given the fact that this exact issue is pending in state court, such that there is no risk of a time bar caused by dismissal of this action, this court will DISMISS rather than stay this action.

THUS DONE AND SIGNED at Monroe, Louisiana, this 24th day of June, 2005.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE